1

2     FILED

3     13 NOV 25   PH 3: 30

      CLERK U.S. DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
4

5                    KW      DEPUTY

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10   WILLIAM SCOTT FRENCH and          CASE NO. 13-cv-969-BEN (BLM)
     JAMIE RASPBERRY FRENCH, as
11   individuals,                      **ORDER GRANTING DEFENDANT
                                       JP MORGAN CHASE BANK,**
12                        Plaintiffs,  **N.A.'S MOTION TO DISMISS**

13        vs.                          [Docket No. 3]

14   JP MORGAN CHASE BANK, N.A.;
     and DOES 1-50, inclusive,
15
                          Defendants.
16

17        Before this Court is the Motion to Dismiss (Docket No. 3) filed by Defendant JP

18   Morgan Chase Bank, N.A. (Chase). After full review of the record and the briefing in

19   this matter, this Court **GRANTS** the Motion to Dismiss.

20   **I. BACKGROUND**

21        On October 5, 2006 Plaintiffs William Scott French and Jamie Raspberry French

22   executed a promissory note in the amount of $2,012,000.00 which was secured by a

23   Deed of Trust in real property located in La Mesa, CA. (Compl. ¶ 13). The Deed of

24   Trust lists Washington Mutual (WaMu) as the lender and Fidelity National Title

25   Insurance Company as the trustee. (*Id.* ¶ 14; Pl's Exh. A).

26        In September 2008, the Office of Thrift Supervision closed Washington Mutual

27   and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. Chase

28   entered into a Purchase and Assumption Agreement with the FDIC which allowed it

1 | to acquire certain assets of Washington Mutual.  (RJN, Ex. B)[1].

2 Plaintiffs claim that Chase does not have "a legal, equitable, or pecuniary interest
3 in the Note and Deed of Trust." (Compl. ¶ 15).  Plaintiffs contend "[o]n information
4 and belief" that Chase sold their loan to another entity or entities. (*Id.* ¶17).  Plaintiffs
5 do not allege who those entities are, but claim they will identify them during discovery.
6 (*Id.*)

7 "[O]n or around the latest part of the year 2012," Plaintiffs allege that they
8 contacted Chase in an effort to modify their loan to reduce their monthly payments.
9 (*Id.* ¶ 20).  Plaintiffs allege that they relied on representations that Chase had power to
10 collect payments and modify their Loan, but that they have learned that Chase had no
11 authority to do so. (*Id.* ¶ 23).  Plaintiffs also claim that they did not receive certain
12 documents and disclosures. (*Id.* ¶¶ 26, 27).

13 Plaintiffs allege seven causes of action. (1) violation of 15 U.S.C. § 1601, et seq.
14 by providing false or misleading representation in handling and servicing Plaintiffs'
15 loan, (2) violation of 15 U.S.C. § 1639 by failing to disclose credit information, (3)
16 violation of Regulation Z by failing to disclose credit information and/or cancellation
17 rights and/or give conspicuous warning, (4) violation of Regulation X by failing to give
18 a good-faith estimate and certain disclosures, (5) violation of the California Business
19 and Professions Code by engaging in unfair, unlawful, and fraudulent business
20 practices, (6) breach of contract, (7) breach of the implied covenant of good faith and
21 fair dealing.[2]

22 On May 29, 2013, Chase filed a Motion to Dismiss for Failure to State a Claim,
23 seeking dismissal of all counts. (Docket No. 3).

24 ///

25 ///

26

---

27 [1]The Request for Judicial Notice was unopposed.

28 [2]This numbering varies from the Complaint, as Plaintiffs assert counts labeled eight and nine, and do not assert a count five, six, or seven.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## III. DISCUSSION

### A. Plaintiffs Insufficiently Allege Transfer of the Note

To the extent that Plaintiffs' claims are based on the allegation that Chase acted improperly in 2012 during their attempted loan modification because Chase did not own the loan, they have failed to sufficiently allege a factual basis for their claims.

To survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this court must accept as true well-pleaded factual allegations, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Here, Plaintiffs allege on "information and belief" that shortly after the origination of the loan, Chase sold the loan to another entity or entities. (Compl. ¶ 17) Plaintiffs state that those entities are currently unknown, but will be identified through discovery. (*Id.*) Plaintiffs state that this "information and belief" is based on (1) a title report and analysis of the property's county records; (2) direct written and oral communication with "Defendant(s)," (3) Plaintiffs' counsel's research, experience, and extensive review of depositions, case law, amicus briefs, correspondence, news articles,

1   reports, complaints by Attorneys General from various states, and publicly available

2   securitization documents and practices. (*Id.* ¶ 19). Plaintiffs state that they relied on

3   Chase's representations that it had the power to collect payments and modify the loan,

4   but "Plaintiffs has [sic] learned" that Chase had no authority to collect on the loan,

5   service the loan, or make derogatory credit reports. (*Id.* ¶ 23).

6        At the outset, this Court notes that Plaintiffs' assertions regarding the alleged

7   transfer contradict other information before this Court. Plaintiffs claim the loan was

8   sold by Chase "shortly after" it was originated in October 2006, but Chase only

9   acquired WaMu assets in September 2008. Additionally, Plaintiffs claim to rely on

10   research by counsel, but Plaintiffs proceeded before this Court without counsel until

11   after Plaintiffs had filed the complaint and their opposition in this matter.

12        This Court finds that Plaintiffs' allegations are insufficient to raise a plausible

13   claim that Chase did not have authority to service or modify the loan. Plaintiffs' claims

14   that their mortgage was sold to an unknown entity lacks the necessary factual support.

15   Plaintiffs do not make any factual allegations, plausible or otherwise, that affirmatively

16   support its contention that a transfer to another entity occurred. For instance, there is

17   no allegation that any documents or statements by Chase employees support the

18   existence of a sale. Plaintiffs claim to have conducted a title report and county records

19   search, but do not make any mention of what they found or how any of these records

20   support their speculation that the loan was sold. Plaintiffs generally reference research

21   done on other cases of misconduct. Alleged instances of misconduct regarding loans

22   in other cases may generally make misconduct by Chase more plausible, but they do

23   not provide any support for an alleged sale or misconduct in the case of Plaintiffs' loan.

24   Plaintiffs provide no basis for this Court to conclude that the alleged sale is anything

25   but speculation on the part of the Plaintiffs.

26        B.  Counts One and Three: Violations of the Truth in Lending Act

27        Plaintiffs seek relief under the federal Truth in Lending Act (TILA), 15 U.S.C.

28   § 1601, et seq. In their First Cause of Action, they claim the defendants provided false

13cv969

1    and/or misleading representations in regard to handling the loan. (Compl ¶ 30).  In the
2    Third Cause of Action, Plaintiffs allege that Chase "failed to disclose credit
3    information and/or cancellation rights and/or give conspicuous warning," in violation
4    of Regulation Z.  (*Id.* ¶ 36).  Regulation Z was issued by the Board of Governors of the
5    Federal Reserve System to implement TILA.  12 C.F.R. § 226.1(a).

### i.  Counts 1 and 3 are Time-Barred

7        Chase contends that the claim for damages under TILA is time-barred.  TILA
8    contains a one-year statute of limitation for damages, which begins to run from the date
9    the transaction is closed.  15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 915
10   (9th Cir. 1986).  Chase also claims that Plaintiffs no longer have a right to rescind
11   under TILA.  The right to rescind expires at the earlier of three years after the date of
12   the consummation of the transaction, or upon sale of the property. 15 U.S.C. § 1635(f).
13   As this property was financed in October 2006, the commencement of this action more
14   than six years later, on April 23, 2013, bars these claims.  Plaintiffs assert no basis to
15   toll the statute of limitations.

### ii.  Counts 1 and 3 are Addressed to the Wrong Party

17       Additionally, Plaintiffs cannot hold Chase liable for the actions of WaMu with
18   regard to the loan before it was acquired by Chase.  *See Ansanelli v. JP Morgan Chase*
19   *Bank, N.A.*, No. C-10-3892, 2011 WL 1134451, at *3 (N.D. Cal. Mar. 28, 2011);
20   *Rosenfeld v. JP Morgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 960 (N.D. Cal. 2010).
21    The FDIC is the party liable for any such claims.  *See Yeomalakis v. FDIC*, 562 F.3d
22   56, 60 (1st Cir. 2009).

### iii.  Plaintiffs Cannot Assert TILA Claims with Respect to the Attempted Loan Modification

25       Plaintiffs' brief argument restates that it has alleged sufficient facts under the
26   statute, and does not specifically address the claim that the count is time-barred.
27   However, Plaintiffs appear to claim that the relevant date is in 2012, when Plaintiffs
28   sought to modify their loan. (Resp. at 3).

13cv969

1    As discussed in subsection A, to the extent these claims rely on Plaintiffs'
2 allegations that Chase had sold the loan, they are insufficiently pled.

3    Additionally, to the extent Plaintiffs assert another basis for TILA violations
4 during the 2012 modification, TILA disclosure requirements do not apply to
5 forbearance or loan modification agreements that simply reduce the interest rate and
6 payment schedule of a loan. *See Norton–Griffiths v. Wells Fargo Home Mortgage*,
7 No. 10–CV–169, 2011 WL 61609, at * 5–7 (D. Vt. Jan.4, 2011). A loan modification
8 is exempt from TILA when it does not constitute either an extension of new credit or
9 a refinancing.   *See* 12 C.F.R. § 226.20(a)(2) (excluding from the disclosure
10 requirements for "refinancings" "[a] reduction in the annual percentage rate with a
11 corresponding change in the payment schedule"); *see also Beck v. Wells Fargo Bank,*
12 *Nat'l Ass'n*, No. 11–CV–00663, 2011 WL 6217345, at *3 (N.D. Cal. Dec. 14, 2011)
13 ("Loan modifications and workout agreements do not trigger new TILA obligations.");
14 *Norton–Griffiths*, 2011 WL 61609, at *6 (loan modification agreement exempted from
15 TILA disclosure requirements because it did not constitute an extension of new credit
16 or refinancing); *Diamond v. One W. Bank*, No. CV–09–1593, 2010 WL 1742536, at *5
17 (D. Ariz. Apr. 29, 2010) ("[A] loan modification does not require additional TILA
18 disclosures, particularly where no new monies are advanced."); *Castrillo v. Am. Home*
19 *Mortg. Servicing, Inc.*, 670 F. Supp. 2d 516, 528 (E.D. La. 2009) (holding that where
20 a loan modification agreement does not "completely replace" an earlier mortgage, but
21 rather "amends and supplements" it, the document does "not give rise to disclosure
22 requirements or rescission rights under TILA.").

23    Plaintiffs' TILA claims regarding their October 2006 loan are therefore time-
24 barred, and they cannot assert claims under TILA in regard to their 2012 efforts to
25 reduce their payments.

26    As the TILA claims are time-barred, any amendment would be futile.  Counts
27 One and Three are **DISMISSED WITH PREJUDICE**.
28 ///

- 6 -

13cv969

1      C. Count Two: HOEPA Violation

2          In the Second Cause of Action, Plaintiffs seek relief for the failure to disclose

3 credit information in violation of 15 U.S.C. § 1639, the Home Ownership Equity

4 Protection Act (HOEPA). HOEPA imposes special requirements on certain kinds of

5 loans. HOEPA applies to (1) a loan that has an annual percentage rate at the

6 consummation of the transaction which will exceed by more than 10 percentage points

7 the yield on Treasury securities, or (2) a loan where the total points and fees payable

8 by the consumer at or before closing will exceed the greater of (a) 8 percent of the total

9 loan amount, or (b) $400. *See* 15 U.S.C. § 1602(aa)(1); 12 C.F.R. § 226.32(a)(i),(ii).

10          In order to state a claim under HOEPA, Plaintiffs must first plead facts showing

11 that the loan is subject to the statute. Plaintiffs' Complaint merely alleges a violation

12 of HOEPA, and does not allege any facts to show that the loan is governed by HOEPA,

13 or even state a conclusory allegation that the loan is subject to the statute. (Compl. ¶¶

14 32-33).

15          However, even if Plaintiffs had properly alleged that the loan was subject to

16 HOEPA requirements, the Third Cause of Action would be time-barred. HOEPA is

17 an amendment to TILA, and is governed by the same statute of limitations. *Hamilton*

18 *v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010)(citations omitted).

19 As stated above, the statute of limitations began to run for this loan in October 2006,

20 and Plaintiffs' 2013 claims are well outside the statutory period. Count Two is

21 therefore **DISMISSED WITH PREJUDICE.**

22      D. Count Four: Violation of Regulation X

23          The Fourth Cause of Action claims that Chase violated Regulation X, 24 C.F.R.

24 § 3500, which implements the Real Estate Settlement Procedures Act (RESPA), 12

25 U.S.C. § 2605 et seq. Plaintiffs claim that Chase "failed to give a Good Faith Estimate,

26 disclose other credit related information, and give HUD-1 Settlement Statement and

27 servicing statements." (Compl. ¶ 39). RESPA requires mortgage lenders to disclose

28 the costs associated with real estate closings. *Bloom v. Martin*, 77 F.3d 318, 320 (9th

1  Cir. 1996) (citing 12 U.S.C. § 2601).  It was enacted to allow customers to be better
2  informed and avoid unnecessarily high settlement charges caused by certain abusive
3  practices.  12 U.S.C. § 2601.

4      Plaintiffs do not cite to particular parts of the regulation or statute, but their
5  claims appear to include violations of the requirements stemming from 12 U.S.C. §§
6  2603 and 2604.  The HUD-1 form and settlement statements are required by 12 U.S.C.
7  § 2603, as implemented in 24 C.F.R. § 3500.8(a).  Plaintiffs also appear to allege a
8  violation of the requirement that applicants be provided with a "good faith estimate"
9  of charges borrowers normally pay or incur at or before settlement, which is required
10  by 12 U.S.C. § 2604©) and implemented in 24 C.F.R. § 3500.7(c)(2).  However, "the
11  fact that a federal statute has been violated and a person has been harmed does not
12  automatically give rise to a private cause of action in favor of that person." *Cannon*
13  *v. Univ. of Chicago*, 441 U.S. 677, 688 (1979).

14      Courts have held that there is no private right of action to enforce the disclosure
15  provisions of 12 U.S.C. §§ 2603, 2604.  *E.g.*, *Collins v. FMHA-USDA*, 105 F.3d 1366,
16  1367-68 (11th Cir.), *cert. denied* 521 U.S. 1145 (1997); *Allen v. GreenPoint Mortg.*
17  *Funding*, 730 F. Supp. 2d 1071, 1976 (N.D. Cal. 2010); *Delino v. Platinum Community*
18  *Bank*, 628 F. Supp. 2d 1226, 1232-33 (S.D. Cal. 2009); *Bloom v. Martin*, 865 F. Supp.
19  1377, 1384-85 (N.D. Cal. 1994), *aff'd on other grounds*, 77 F.3d 318 (9th Cir. 1996).

20      Unlike other sections of RESPA, sections 2603 and 2604 do not explicitly
21  provide a cause of action and there is no mention in the statute of limitations.  *See* 12
22  U.S.C. §§ 2603, 2604; *c.f.* 12 U.S.C. § 2605(f) ("whoever fails to comply with any
23  provision of this section shall be liable to the borrower for each such failure.")
24  Particularly where Congress explicitly laid out a cause of action for violation of other
25  parts of the statute, this Court will not imply a private right of action. *See Touche Ross*
26  *& Co. v. Redington*, 442 U.S. 560, 571-74 (1979).

27      Additionally, RESPA contains a statute of limitations that addresses the private
28  rights of action that RESPA does create.  Under RESPA, actions pursuant to section

1   2605, which governs servicing of mortgage loans and the administration of escrow
2   accounts, must be brought within three years of the alleged violation.  12 U.S.C. §
3   2614. Nothing in Plaintiffs' complaint suggests Plaintiffs are making any claims under
4   this section, much less sufficiently alleges that Plaintiffs are stating any claims for
5   alleged violations that occurred within three years of filing the instant lawsuit.  In the
6   case of sections 2607 (prohibitions against kickbacks and unearned fees) and 2608
7   (governing title companies and liability of a seller), an action by a private citizen must
8   be brought within one year of the date of the occurrence of the violation.  12 U.S.C. §
9   2614.  None of Plaintiffs' claims appear to implicate these sections.

10         This Court also notes that even if a private right of action existed for the claims
11   Plaintiffs seek to make, and there was no statute of limitations, Plaintiffs' claims fail
12   to allege actual damages from the breach of the alleged violation of RESPA duties.
13   Failure to elect actual damages is fatal to the claim.  *Swanson v. EMC Mortg. Corp.*,
14   No. cv F-09-1507, 2009 WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009).

15         Plaintiffs therefore fail to make any allegations for which they can seek relief.
16   The Fourth Cause of Action is therefore **DISMISSED WITHOUT PREJUDICE**.
17   Plaintiffs are specifically cautioned that any effort to assert amended claims must
18   clearly assert a provision of the statute for which a private cause of action exists, be
19   within the statute of limitations, and cannot be based upon the allegation that Chase
20   sold the loan, unless Plaintiffs provide a sufficient basis from which this Court could
21   conclude that the allegation is more than speculation.

22         E. Count Five: Violations of California's Unfair Competition Law

23         Plaintiffs allege that Chase violated California's Unfair Competition Law (UCL),
24   CAL. BUS. & PROF. CODE § 17200 et seq., which prohibits acts of unfair competition,
25   including unlawful, unfair, or fraudulent acts or practices. (Compl. ¶¶ 41-67). Review
26   of Plaintiffs' Complaint demonstrates that Plaintiffs' claims appear to be based upon
27   the contention that Chase violated the UCL because its actions in servicing the loan
28   were without authority due to the alleged sale of the loan.  All allegations of damage

1  are directly connected to Plaintiffs' contention that Chase did not have authority to
2  service the loan.  (*Id.* ¶ 67).  As discussed in subsection A of this order, these
3  allegations were insufficiently pled.

4      To the extent the cause of action might be liberally construed to refer to other
5  misconduct, the claim still fails.  At the outset, Chase is correct in asserting that a four-
6  year statute of limitations applies to UCL claims, barring claims based on conduct prior
7  to April 2009.  CAL. BUS. & PROF. CODE § 17208.

8      Plaintiffs have not sufficiently alleged "unlawful" activity by Chase.  A UCL
9  cause of action based on the "unlawful" prong requires showing that the defendant
10  violated an independent substantive statute, regulation, or case law.  *See Cel-Tech*
11  *Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *Gregory v.*
12  *Albertson's Inc.*, 104 Cal. App. 4th 845, 854 (2002).  In the case at hand, Plaintiffs'
13  other asserted causes of action have been dismissed, and cannot provide the substantive
14  basis for a UCL claim.  Plaintiffs' Complaint also references several other statutes
15  which do not appear anywhere else in the Complaint.  (Compl. ¶¶ 45-47).  Plaintiffs
16  merely make conclusory allegations that there have been violations of these statutes,
17  while providing absolutely no factual basis for these claims.  Plaintiffs therefore fail
18  to state a claim under the "unlawful" prong.

19      Plaintiffs also fail to establish a claim under the "unfair" prong.  A finding of
20  unfairness must be tethered to a legislatively declared policy or proof of some actual
21  or threatened impact on competition.  *Cel-Tech Comm., Inc.*, 20 Cal. 4th at 186-87.
22  An unfair practice is one which "threatens an incipient violation of an antitrust law, or
23  violates the policy or spirit of one of those laws because its effects are comparable to
24  or the same as the violation of the law, or otherwise significantly threatens or harms
25  competition."  *Id.* at 187.  Plaintiffs fail to identify any relevant antitrust violation or
26  anticompetitive effects.  Conclusory allegations of unfair conduct are not enough.

27      Plaintiffs do not demonstrate any "fraudulent" conduct.  All of the allegations
28  of fraudulent conduct seem to be based on Plaintiffs' insufficient claims that Chase did

13cv969

1  not have authority to service the loan. Plaintiffs do not allege any other fraudulent

2  behavior, and even a liberal construction of the Complaint will not allow Plaintiffs'

3  claims in this section to meet the heightened pleading requirements for a fraud claim

4  in federal court. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir.

5  2009) (heightened pleading standards for fraud applied to UCL claims, requiring the

6  plaintiff to plead the particular circumstances surrounding the alleged representations

7  with particularity).

8       The Fifth Cause of Action is therefore **DISMISSED WITHOUT PREJUDICE.**

9  Plaintiffs are specifically cautioned that amended claims must allege the factual basis

10 of the claim, be within the statute of limitations, and cannot be based upon the

11 allegation that Chase sold the loan, unless Plaintiffs provide a sufficient basis from

12 which this Court could conclude that the allegation is more than speculation.

13      F. Count Six: Breach of Contract

14      Plaintiffs claims that Chase breached an unspecified contract "on grounds of

15 unconscionability," (Compl. ¶ 69), "through over-reaching, unfairness, and inequity,"

16 (*Id.* ¶ 70). This Court presumes for the purpose of this motion that Plaintiffs refer to

17 the Note and/or Deed of Trust, which appear to be the only potentially relevant

18 documents.

19      Even if Plaintiffs had properly alleged the existence of a contract, they have not

20 stated a breach cognizable under the law. In California, unconscionability is a defense

21 to the enforcement of a contract, and Plaintiffs cite no authority to support any

22 contention that it can be a breach. *See* CAL. CIV. CODE § 1670.5(a). Indeed, Plaintiffs'

23 Response did not respond to Chase's argument on this matter.

24      Plaintiffs fail to allege a cognizable breach of contract. They therefore fail to

25 state a claim upon which relief can be granted, and the breach of contract claim is

26 **DISMISSED WITH PREJUDICE.**

27 ///

28 ///

13cv969

1      <u>G. Count Seven: Breach of Implied Covenant of Good Faith and Fair Dealing</u>

2          Plaintiffs allege a violation of the implied covenant of good faith and fair

3 dealing. Plaintiffs allege that Chase breached this covenant "by making it impossible

4 for Plaintiffs to carry out their obligations under the contract because of the improperly

5 applied payments and addition of interest and improper fees to their account." (Compl.

6 ¶ 73). "Under California law, a claim for breach of the implied covenant of good faith

7 and fair dealing is necessarily based on the existence of an underlying contractual

8 relationship. The essence of the covenant is that no party to the contract will do

9 anything which would deprive the others of the benefits of the contract." *Gomez v.*

10 *Wells Fargo Home Mortg.*, No. C 11-1725, 2011 WL 5834949, at *8 (N.D. Cal. Nov.

11 21, 2011) (citations omitted).

12          Plaintiffs allege that they entered into a contract, the Deed of Trust, and

13 substantially performed its conditions. (*Id.* ¶ 74). They allege that Chase is required

14 to wield its discretionary power under the contract in good faith. (*Id.* ¶ 75). They

15 claim that duty was breached by interfering with Plaintiffs' ability to perform their

16 obligations under the contract. (Id. ¶ 76). Specifically, they claim Chase improperly

17 applied payments, incorrectly calculated interest, and improperly added fees to

18 Plaintiffs' accounting, making it impossible for them to fulfill their obligations. (Id.

19 ¶ 77), They also allege that a "failure to cooperate" allowed Chase to collect more

20 money than it was owed. (Id. ¶ 78). Plaintiffs also refer to the fact that Chase was "not

21 applying payments in accordance with the Deed of Trust." (Id. ¶ 79).

22          Plaintiffs allege no facts to support how any payments were improperly added,

23 how interest was incorrectly calculated, or fees were improperly applied. Plaintiffs do

24 not state which payments were improperly applied, when it occurred, or how often.

25 Indeed, Plaintiffs present no basis for their belief that there have been any

26 misapplications or errors. There is no reference to documentation, statements, or

27 another basis from which this Court can conclude that these claims are anything more

28 than speculation. *See Junger v. Bank of America, N.A.*, No. 11-cv-10419, 2012 WL

1  603262, at *6 (S. D. Cal. Feb. 24, 2012); *Derusseau*, No. 11-cv-1766, 2011 WL

2  5975821, at *4 (S.D. Cal. Nov. 29, 2011).  As such, this claim must be dismissed.

3  *Derusseau*, 2011 WL 5975821, at *4.

4      Count Seven is therefore **DISMISSED WITHOUT PREJUDICE.**

5  **IV. CONCLUSION**

6      In accordance Counts One, Two, Three, and Six are **DISMISSED WITH**

7  **PREJUDICE.**   Counts Four, Five, and Seven are **DISMISSED WITHOUT**

8  **PREJUDICE**. Plaintiffs shall have **30 days** from the date this order is signed to file

9  an amended complaint. Plaintiffs are cautioned that any amended claims must cure the

10  identified problems, present a proper factual basis, and cannot be barred by the statute

11  of limitations.

12      **IT IS SO ORDERED.**

14  Dated: November 25, 2013

15        HON. ROGER T. BENITEZ
          United States District Judge